UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARYSOL ACEVEDO,
ANTOINE CARRIERE,
PAOLINA ALEXA BENITEZ,
DAYRON CORDERO MESA, and
GIANNA ANDREA BENITEZ,

    Plaintiffs,

v.

PLAYA MIAMI LLC,
SHOW HOSPITALITY, LLC,
SHAKI DOBBS,
MADISON JADE HOWELL, and
MEGAN ASHLI MCKEE,

    Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs MARYSOL ACEVEDO ("Acevedo"), ANTOINE CARRIERE ("Carriere"), PAOLINA ALEXA BENITEZ ("Paolina"), DAYRON CORDERO MESA ("Cordero Mesa"), and GIANNA ANDREA BENITEZ ("Gianna") bring this action against Defendants PLAYA MIAMI LLC ("Playa Miami"), SHOW HOSPITALITY, LLC ("Show Hospitality"), SHAKI DOBBS ("Dobbs"), MADISON JADE HOWELL ("Howell"), and MEGAN ASHLI MCKEE ("Mckee") and allege as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendants as defined by the FLSA.

1

3. At all times material hereto, Playa Miami was a Florida corporation that regularly transacted business in Miami-Dade County, Florida.

4. At all times material hereto, Show Hospitality was a Florida corporation that regularly transacted business in Miami-Dade County, Florida.

5. Upon information and belief, Playa Miami's gross sales or business generated was over $500,000 per year at all times material hereto.

6. Playa Miami has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

7. Playa Miami was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

8. Upon information and belief, Show Hospitality's gross sales or business generated was over $500,000 per year at all times material hereto.

9. Show Hospitality has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

10. Show Hospitality was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

11. Playa Miami and Show Hospitality are a single enterprise under the FLSA, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

12. Playa Miami and Show Hospitality were joint employers of Plaintiffs under the FLSA, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs.

13. Dobbs is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Playa Miami, ran the day-to-day operations, had operational control over Playa Miami, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

14. Dobbs is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Show Hospitality, ran the day-to-day operations, had operational control over Show Hospitality, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

15. Howell is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Playa Miami, ran the day-to-day operations, had operational control over Playa Miami, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

16. Howell is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Show Hospitality, ran the day-to-day operations, had operational control over Show Hospitality, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

17. Mckee is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Playa Miami, ran the day-to-day operations, had operational control over Playa Miami, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

18. Mckee is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Show Hospitality, ran the day-to-day operations, had operational control over Show Hospitality, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

19. Playa Miami operates a restaurant and nightclub.

20. Show Hospitality operates a restaurant and nightclub.

21. Acevedo worked for Defendants as a server and general manager.

22. Carriere worked for Defendants as a food runner.

23. Paolina worked for Defendants as a bartender.

24. Cordero Mesa worked for Defendants as a server, foodrunner, and expo.

25. Gianna worked for Defendants as a server.

26. Defendants failed to pay Acevedo's full and proper minimum wages.

27. Defendants failed to pay Carriere's full and proper minimum wages.

28. Defendants failed to pay Paolina's full and proper minimum wages.

29. Defendants failed to pay Cordero Mesa's full and proper minimum wages.

30. Defendants failed to pay Gianna's full and proper minimum wages.

31. Defendants failed to pay Acevedo's full and proper overtime wages.

32. Defendants failed to pay Carriere's full and proper overtime wages.

33. Defendants failed to pay Paolina's full and proper overtime wages.

34. Defendants failed to pay Cordero Mesa's full and proper overtime wages.

35. Acevedo customarily and regularly received more than $30 a month in tips and, therefore, was a tipped employee as defined by 29 U.S.C. § 203(t).

36. Acevedo received tips and Defendants kept them and illegally retained them.

37. Defendants improperly withheld and misappropriated tips belonging to Acevedo in violation of 29 U.S.C. § 203(m)(2)(B).

38. Paolina customarily and regularly received more than $30 a month in tips and, therefore, was a tipped employee as defined by 29 U.S.C. § 203(t).

39. Paolina received tips and Defendants kept them and illegally retained them.

40. Defendants improperly withheld and misappropriated tips belonging to Paolina in violation of 29 U.S.C. § 203(m)(2)(B).

41. Gianna customarily and regularly received more than $30 a month in tips and, therefore, was a tipped employee as defined by 29 U.S.C. § 203(t).

42. Gianna received tips and Defendants kept them and illegally retained them.

43. Defendants improperly withheld and misappropriated tips belonging to Gianna in violation of 29 U.S.C. § 203(m)(2)(B).

44. Defendants regularly paid Acevedo late.

45. Defendants regularly paid Carriere late.

46. Defendants regularly paid Paolina late.

47. Defendants regularly paid Cordero Mesa late.

48. Defendants regularly paid Gianna late.

49. Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

50. Attached as **Exhibit A** is a preliminary calculation of Acevedo's claims including date ranges, hours worked, rates of pay, unpaid tips, late pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

51.     Attached as **Exhibit B** is a preliminary calculation of Carriere's claims including date ranges, hours worked, rates of pay, late pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

52.     Attached as **Exhibit C** is a preliminary calculation of Paolina's claims including date ranges, hours worked, rates of pay, unpaid tips, late pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

53.     Attached as **Exhibit D** is a preliminary calculation of Cordero Mesa's claims including date ranges, hours worked, rates of pay, late pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

54.     Attached as **Exhibit E** is a preliminary calculation of Gianna's claims including date ranges, hours worked, rates of pay, unpaid tips, late pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

55.     Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

**COUNT I**
**<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>**
**<u>AGAINST ALL DEFENDANTS</u>**

56. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-55 above as if set forth herein in full.

57. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), (i) all Plaintiffs are entitled to unpaid minimum wages, (ii) Acevedo, Carriere, Paolina, and Cordero Mesa are entitled to time-and-a-half overtime pay, (iii) Acevedo, Paolina, and Gianna are entitled to unpaid tips, and (iv) all Plaintiffs are entitled to liquidated damages.

58. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: dc@kozlawfirm.com

_____
Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382